#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ALABAMA
#### SOUTHERN DIVISION

| | |
|---|---|
| **NICOLE GROSS-JONES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0132-WS-M |
| | ) |
| **MERCY MEDICAL, etc.,** | ) |
| | ) |
| **Defendant.** | ) |

### ORDER

This matter is before the Court on the plaintiff's second motion to amend the complaint. (Doc. 99). The motion was filed three business days before the final pretrial conference and almost a year after the deadline imposed by the Rule 16(b) scheduling order for seeking to amend the pleadings. The purpose of the proposed amendment is to add a claim for retaliatory hostile work environment under Title VII, which claim the Eleventh Circuit recently recognized in *Gowski v. Peake*, ___ F.3d ___, 2012 WL 1986446 at *8 (11th Cir. 2012). The defendant has filed a response, (Doc. 104), and the motion is ripe for resolution.

When, as in this case, the time for amendment as of right has passed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the plaintiff's motion was also filed past the deadline established in the scheduling order for such motions, and such "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *accord Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Accordingly, the plaintiff must first show good cause for her failure to comply with the scheduling order. *Id*. at 1419 ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she

must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."). "This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee notes).

The plaintiff argues that good cause exists because, before the Eleventh Circuit formally recognized such a cause of action on June 4, 2012, she was precluded by Rule 11 from asserting such a claim. (Doc. 99 at 2 n.1). What that rule requires is that a pleading set forth "claims … warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Before the plaintiff's lawsuit was even filed, "every other circuit" besides the Eleventh had recognized a cause of action for retaliatory hostile work environment – all but one specifically in the Title VII context. *Gowski*, 2012 WL 1986446 at *8 & n.12. Since the Eleventh Circuit had never denied the existence of such a claim, this overwhelming appellate authority provided the plaintiff far more than a mere nonfrivolous argument. The plaintiff does not deny awareness of this unbroken line of authority, nor would it aid her position were she to do so; in the exercise of diligence, she would have become aware of the legal basis for this claim before the amendment deadline passed in August 2011.

Because the plaintiff cannot satisfy Rule 16(b)(4), it is irrelevant whether she could, as she says, satisfy Rule 15(a)(2). For the reasons set forth above, the plaintiff's second motion to amend the complaint is **denied**.

DONE and ORDERED this 3rd day of July, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

[2]